## IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF VIRGINIA

#### Alexandria Division

| | | |
|---|---|---|
| Marvin J. Moody, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | **1:14cv1581 (GBL/TCB)** |
| | ) | |
| Director, Virginia Dep't of Corrections, | ) | |
|     Respondent. | ) | |

MEMORANDUM OPINION

This Matter comes before the Court on respondent's Motion to Dismiss this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was filed pro se by Marvin J. Moody, a Virginia inmate. Petitioner challenges the constitutionality of convictions of statutory burglary and grand larceny entered on a jury verdict in the Circuit Court for the City of Richmond. After respondent moved to dismiss the petition, Moody was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K), and he filed a Brief in Opposition to Respondent's Brief. Dkt. 16. After careful consideration, for the reasons that follow, respondent's Motion to Dismiss will be granted, and the petition will be dismissed with prejudice. Also pending are motions by the petitioner to strike respondent's procedural defenses and for an evidentiary hearing, both of which will be denied.

### I. Background

On June 15, 2012, following a jury trial, petitioner was convicted of one count each of statutory burglary and grand larceny. Case Nos. CR11-F-5781 and -57814. A second statutory burglary charge was dismissed after the jury could not reach a unanimous verdict. Pursuant to the jury's recommendation, the court sentenced petitioner to a total of twelve (12) years

1

incarceration. Resp. Ex. 6, Sub-Ex. 1.[1] The facts underlying the convictions were described by

the Virginia Court of Appeals as follow:

> [T]he evidence proved that several items were taken from a residence
> in Richmond in March of 2010. The items, including the victim's
> passport, checkbook, bank records, jewelry, and mail, were found in
> appellant's motel room and had a value of more than $200. Various
> papers bearing appellant's name were found in the motel room. The
> only key to the motel room was found in appellant's pocket.
>
> Appellant, a convicted felon, denied taking the items, claiming he had
> shared the motel room with another man. No documents or personal
> effects bearing the other man's name were found in the motel room.

Moody v. Commonwealth, R. No. 1211-12-2 (Va. Ct. App. Feb. 5, 2013), slip op. at 5-6; Resp. Ex.

6, Sub-Ex. 2.

Moody prosecuted a direct appeal, raising claims that the trial court erred by denying his

motion to dismiss his court-appointed counsel and that the evidence was insufficient to sustain

the grand larceny conviction. The petition for appeal was denied on Feb. 5, 2013, id., and Moody

took no direct appeal to the Supreme Court of Virginia.

On April 3, 2012, before the convictions had become final, Moody filed a petition for a

state writ of habeas corpus in the Supreme Court of Virginia. Before the respondent was directed

to respond, petitioner requested leave to withdraw the petition, and the Court accordingly

dismissed the petition on August 6, 2012. Resp. Ex. 5.

On February 28, 2013, petitioner filed a second application for a state writ of habeas

corpus, raising numerous claims and subclaims that are accurately reflected in the respondent's

---

[1]For reasons which are not clear, respondent's exhibits were not docketed in this court in the order in which they were arranged by respondent. Therefore, the exhibit numbers assigned by respondent and those on the court's docket are not the same. To clarify, the docket numbers referenced in this Memorandum Opinion are those assigned on the court's docket.

Brief in Support of Motion to Dismiss. Resp. Br. at 2-6.  The Supreme Court of Virginia dismissed the petition on December 3, 2013.  Moody v. Dir., Dep't of Corrections, R. No. 130372 (Va. Dec. 3, 2013); Resp. Ex. 2. Petitioner's motion for rehearing of that result was denied on March 6, 2014.  Id.

Petitioner then turned to the federal forum and timely filed the instant application for relief pursuant to 28 U.S.C.§ 2254 on November 2, 2014,[2] largely reiterating the claims he raised before the Supreme Court of Virginia, as follow:

1.   He was denied due process when the name of the sole testifying witness on the indictment was amended outside his presence and the presence of the issuing court.

    a.   Trial counsel was ineffective for failing to move for continuance based on the amended indictment, to object to the amendment, to review the amended indictment, or to subpoena the new witness stated on the amended indictment.

    b.   Appellate counsel failed to raise the issue on appeal.

2.   He was denied due process when the trial court failed to remove counsel and forced him to proceed to trial despite having a conflict with counsel.

3.   He was denied due process when his speedy trial rights were violated. Trial counsel provided ineffective assistance by:

    a.   Trial counsel failed to follow the court rule that motions must be filed seven (7) days prior to trial.

    b.   Appellate counsel failed to raise this issue on appeal.

4.   He was denied due process because his jury was not impartial.

---

[2] For federal purposes, a pleading submitted by an incarcerated litigant generally is deemed filed when the pleading is delivered to prison officials for mailing.  Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). See Pet. at 16.

     a.       Trial counsel failed to object, to ask for a mistrial, or to ask for voir dire.

     b.       Appellate counsel failed to raise this issue on appeal.

5.      He was denied due process when new witnesses were added and called to testify during trial.

     a.       Trial counsel failed to object to the addition of new witnesses.

     b.       Appellate counsel failed to raise the issue on appeal.

6.      He was denied due process when the prosecution's main witness violated the court's sequestration order.

     a.       Trial counsel failed to object.

     b.       Appellate counsel failed to raise the issue on appeal.

7.      He was denied due process when the prosecution failed to present evidence of his prior "confessions" and questioned him regarding statements he made to the police after he was arrested.

     a.       Trial counsel failed to object or to provide any evidence of the hidden confessions.

     b.       Trial counsel failed to object to the prosecutor's references to petitioner's post-arrest story at trial.

     c.       Appellate counsel failed to raise these issues on appeal.

8.      He was denied due process when there was inappropriate contact with the jury during deliberations.

     a.       Trial counsel failed to object to the inappropriate contact and failed to poll the jury.

     b.       Appellate counsel failed to raise the issue on appeal.

9.      He was denied due process when there was insufficient evidence presented to sustain either conviction.

a.   Trial counsel failed to move to strike the evidence at the close of argument and failed to object to the insufficiency of the evidence as to both crimes.

b.   Appellate counsel failed to raise the issue of the insufficiency of the evidence on the burglary charge on appeal.

10.   He was denied due process when the jury did not receive jury instruction number 10 and were not told of the missing instruction until after it had reached a verdict, and when the prosecutors failed to give defense counsel the jury instruction to review.

a.   Trial counsel failed to inspect the jury instructions and failed to give favorable jury instructions, because all of his proposed instructions were denied or withdrawn.

b.   Appellate counsel failed to raise the issue on appeal.

11.   He was denied due process when prosecutors made discriminatory statements during the sentencing phase.

a.   Trial counsel failed to object to the statements.

b.   Appellate counsel failed to raise the issue on appeal.

12.   He was denied due process when the court gave an improper response to the jury's question during the sentencing phase.

a.   Trial counsel failed to object.

b.   Appellate counsel failed to raise the issue on appeal.

13.   He was denied due process by the use of illegally-obtained evidence.

a.   Trial counsel failed to object.

b.   Appellate counsel failed to raise the issue on appeal.

14.   He was denied due process by pre-indictment delay.

    a.   Trial counsel failed to object or to move to dismiss
       the indictment.

    b.   Appellate counsel failed to raise the issue on appeal.

15.   Appellate counsel failed to see or to consult with petitioner about
his right to appeal, which caused a timely motion to set aside the
verdict to denied because counsel filed a notice of appeal without
petitioner's knowledge.

## II. Exhaustion and Procedural Bar

Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in

the appropriate state court. 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose

v. Lundy, 455 U.S. 509 (1982). To comply with the exhaustion requirement, a state prisoner

"must give the state courts one full opportunity to resolve any constitutional issues by invoking

one complete round of the State's established appellate review process." O'Sullivan v. Boerckel,

526 U.S. 838, 845 (1999). A federal habeas claim is exhausted only when both the same legal

argument and the same supporting facts previously were presented to and ruled on by the highest

state court. Anderson v. Harless, 459 U.S. 4, 6-7 (1982); see Pruett v. Thompson, 771 F. Supp.

1428, 1436 (E.D. Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993) (exhaustion is satisfied only

where the "essential legal theories and factual allegations advanced in federal court ... [are] the

same as those advanced at least once to the highest state court."). Thus, a petitioner convicted in

Virginia first must have presented the same factual and legal claims raised in his federal habeas

corpus application to the Supreme Court of Virginia on direct appeal or in a state habeas corpus

petition. See Duncan v. Henry, 513 U.S. 364 (1995).

Claims 5(a), 10, 13(a), and 15

The respondent acknowledges that all of petitioner's present arguments were exhausted in

the state forum with the exception of four: claims 5(a) (counsel's failure to object to new witnesses); 10 (missing jury instruction); 13(a) (counsel's failure to object to illegally-obtained evidence); and 15 (appellate counsel's failure to consult with petitioner regarding his appellate rights). Although petitioner did not properly present these claims to the Supreme Court of Virginia, they nonetheless are treated as exhausted because the petitioner is now precluded from raising them in state court. See Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) ("A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court.") Specifically, petitioner's unexhausted claims are procedurally defaulted under Virginia Code § 8.01-654(B)(2), which bars successive state habeas applications. The Fourth Circuit has "held on numerous occasions that the procedural default rule set forth in § 8.01-654(B)(2) constitutes an adequate and independent state-law ground for decision," Mackall v. Angelone, 131 F.3d 442, 446 (4th Cir. 1997).[3] The four unexhausted claims of this petition (i.e., claims 5(a), 10, 13(a), and 15) thus are simultaneously exhausted and procedurally defaulted from federal consideration. See Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990).

　　Due process and ineffective assistance claims

　　In addition, several of petitioner's claims are procedurally defaulted from federal consideration because they were expressly determined to be procedurally barred in the state habeas corpus action. Specifically, the Supreme Court of Virginia "clearly and expressly" found that all of the due process arguments petitioner raised for the first time in the state habeas corpus proceeding - that is, claims 1 and 3 through 13 - as well as ineffective assistance of counsel

---

[3] A state procedural rule is "adequate" if it is firmly established and regularly or consistently applied by the state courts, and "independent" if it does not depend upon a federal constitutional ruling. Yeatts v. Angelone, 166 F.3d 255, 263-64 (1998).

claims 1(a), 10(a), 12 (a), 13 (a) and 14 (a) - were procedurally defaulted. Specifically, the Court determined that claims 1, 1(a), 5, the portion of claim 7 relating to the alleged withholding of petitioner's confession, 10, 10(a), 12, 12(a), 13, 13(a) and 14 and 14(a) were barred from consideration by Va. Code § 8.01-654(B)(2), which precludes consideration of a successive habeas claim which was known to the petitioner at the time the earlier petition was filed.  In addition, claims 3, 4, 6, the portion of claim 7 relating to perjured testimony, 8, 9, and 11 were barred by the rule announced in <u>Slayton v. Parrigan</u>, 215 Va. 27, 205 S.E.2d 680 (1974), <u>cert. denied</u>, 419 U.S. 1108 (1975), that non-jurisdictional issues that could have been raised at trial and on direct appeal are not cognizable on a petition for a writ of habeas corpus. The Fourth Circuit has consistently held that both § 8.01-654(B)(2) and the <u>Slayton</u> rule constitute adequate and independent state law grounds for a decision. <u>Mackall</u>, 131 F.3d at 446;  <u>Mu'min v. Pruett</u>, 125 F.3d 192, 196-97 (4th Cir. 1997). Therefore, due process claims 1 and 3 through 13, as well as ineffective assistance of counsel claims 1(a), 10(a), 12(a), 13(a) and 14(a) are defaulted for purposes of federal review.

<u>Cause and prejudice</u>

Federal courts may not review barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. <u>Harris v. Reed</u>, 489 U.S. 255, 260 (1989). The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. <u>See Coleman v. Thompson</u>, 501 U.S. 722, 753-54 (1991). Importantly, a court need not consider the issue of prejudice in the absence of cause. <u>See Kornahrens v. Evatt</u>, 66 F.3d 1350, 1359 (4th Cir. 1995), <u>cert. denied</u>, 517 U.S. 1171 (1996).

In response to the <u>Roseboro</u> notice, petitioner filed a Brief in Opposition to Motion to Dismiss. (Dkt. No. 16) In it, he argues that claims 5(a), 10, 13(a), and 15 should not be deemed defaulted because they were exhausted in the state forum. However, as respondent argues, while petitioner presented similar claims to the Virginia Supreme Court, the arguments he makes in this federal petition do not encompass the same facts and legal arguments that were considered in the state forum. <u>See</u> Resp. Brief at p. 10, n. 4. Under such circumstances, the claims are not exhausted for purposes of federal review. <u>Harless</u>, 459 U.S. at 6-7.

As to claims 1, 1(a), 5, the portion of claim 7 relating to the alleged withholding of petitioner's confession, 10, 10(a), 12, 12(a), 13, 13(a) and 14 and 14(a), petitioner argues that the Supreme Court of Virginia erred in finding these claims barred from consideration by Va. Code § 8.01-654(B)(2) because petitioner withdrew his first § 2254 petition before his convictions became final, and "Virginia habeas corpus rules require there [to] be a sentence or conviction for Virginia Code § 8.01-654(B)(2) to apply." (Dkt. No. 16 at p. 3) Petitioner cites no authority for his interpretation of the statute, and the plain wording of the provision does not bear out his position. Specifically, § 8.01-654(B) applies to "any such [habeas corpus] petition filed by a petitioner held under criminal process;" no mention is made of the "criminal process" having to consist of a final conviction or sentence. Subsection (2) of that provision requires that the "petition shall contain all allegations of the facts of which are known to petitioner at the time of filing," and states that "[n]o writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition." Here, Moody's trial occurred on March 14, 2012, <u>see</u> Resp. Ex. 6, Sub-Ex.1, and petitioner filed his first habeas corpus petition on April 3, 2012. By that time, then, petitioner had knowledge of all facts pertaining to the conduct of the trial, and the Supreme Court of Virginia did not err in applying

9

§ 8.01-654(B)(2) to bar claims 1, 1(a), 5, the portion of claim 7 relating to the alleged

withholding of petitioner's confession, 10, 10(a), 12, 12(a), 13, 13(a), 14 and 14(a) of this

petition. See Bassette, 915 F.2d at 937 ("This statute [§ 8.01-654(B)(2)] has been consistently

applied to bar claims which could have been raised in an earlier habeas proceeding, and it is clear

that five of the seven claims are based on facts knowledgeable to [petitioner] at the time of his

prior state petition ....")

Lastly, petitioner asserts that claims 3, 4, 6, the portion of claim 7 relating to perjured

testimony, 8, 9, and 11 were wrongfully barred by the rule of Slayton v. Parrigan because

"counsel failed to raise the issues at trial and on appeal." (Dkt. No. 16 at 4).  It appears that

petitioner may intend to rely on Martinez v. Ryan, ___ U.S. ___, 132 S.Ct. 1309 (2012), where

the Supreme Court:

> ... held that a federal habeas petitioner who seeks to raise an
> otherwise procedurally defaulted claim of ineffective-assistance-of-
> trial-counsel before the federal court may do so only if: (1) the
> ineffective-assistance-of-trial-counsel claim is a substantial one; (2)
> the 'cause' for default 'consist[s] of there being no counsel or only
> ineffective counsel during the state collateral review proceeding'; (3)
> 'the state collateral review proceeding was the initial review
> proceeding in respect to the ineffective-assistance-of-trial-counsel
> claim'; and (4)  state law requires 'requires that an ineffective-
> assistance-of-trial-counsel claim be raised in an initial-review
> collateral proceeding.

Fowler v. Joyner, 753 F.3d 446, 461 (4th Cir. 2014), quoting Trevino v. Thaler, 569 U.S. at ___,

133 S. Ct. 1911, 1918 (2013).

Martinez does not apply to excuse the defaults of claims 3, 4, 6, the portion of claim 7

relating to perjured testimony, 8, 9, and 11 for two reasons.  First, those claims all assert due

process violations rather than instances of ineffective assistance of counsel, so Martinez by its

plain language is inapplicable.  Second, even if Martinez were to be read broadly to encompass

10

the due process implications of petitioner's corresponding claims of ineffective assistance, the ineffective assistance claims themselves are not substantial, as will be discussed below, so Martinez does not apply to excuse their default. See Martinez, 132 S. Ct. at 1318. ("To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.")

In summation, then, for the various reasons discussed above, claims 1, 1(a), 3, 4, 5, 5(a), 6, 7, 8, 9, 10, 10(a), 11, 12, 12(a), 13, 13(a), 14(a), and 15 of this petition are procedurally barred from consideration of the merits.

### III. Merits Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, the federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Whether a state court decision is "contrary to" or "an unreasonable application of" federal law requires an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one.

11

Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

## IV. Analysis

A. Due Process Claim

As discussed above, all of petitioner's due process claims save one are defaulted.  In claim 2 - petitioner's sole federally-cognizable due process claim - he argues that the trial court deprived him of due process by failing to allow his counsel to withdraw prior to trial.  Petitioner presented this argument to the Virginia Court of Appeals on direct appeal and to the Supreme Court of Virginia in the second habeas corpus proceeding.  Because the Court of Appeals' determination was the last reasoned state court decision on the claim at issue, it is appropriate to look to its decision here.  See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).  Specifically, it held:

> [Moody] failed to demonstrate a conflict of interest between him and his trial counsel. Appellant's only identifiable complaint was that his potential witnesses would not testify because of trial counsel's inadvertent mistake of including another client's information from a form document in appellant's pleading.  However, appellant never gave counsel the names or information for any witnesses and would not give the information to the trial court.  Appellant failed to meet his burden of proving good cause to relieve counsel and did not establish a conflict of interest between him and trial counsel. Accordingly, the trial court did not abuse its discretion by denying appellant's motion to dismiss trial counsel and appoint new counsel.

Moody v. Commonwealth, supra, slip op. at 2-3; Resp. Ex. 6, Sub-Ex. 2.

The foregoing holding was both factually reasonable and in accord with applicable federal authorities.  The record reflects that trial counsel mistakenly sent a pleading to Moody

12

that contained information pertinent to a former client. (Tr. 8-12)  The trial court thereafter briefly voir dired Moody on the issue of whether he was prepared to go to trial by asking, "You don't want a continuance, correct?"  Moody responded that he was only trying to have another lawyer appointed. (T. 13)

Federal law recognizes that "the purpose of providing assistance of counsel is simply to ensure that criminal defendants receive a fair trial, and ... in evaluating Sixth Amendment claims, the appropriate inquiry focuses on the adversarial process, not on the accused's relationship with his lawyer as such." Wheat v. United States, 486 U.S. 153 , 159 (1988).  A defendant asserting a conflict of interest with counsel bears the burden of showing: (1) an actual conflict of interest that had (2) an adverse effect on counsel's performance. Mickens v. Taylor, 535 U.S. 162, 168 (2002); see also Cuyler v. Sullivan, 446 U.S. 335, 348 (1980).  Here, Moody has not satisfied either component of this test.

To establish the existence of an actual conflict of interest, a petitioner "must show that there was some plausible alternative defense strategy or tactic that might been pursued, an alternative strategy that was inherently in conflict with or not undertaken due to the attorney's other loyalties or interests." Guaraldi v. Cunningham, 819 F.2d 15, 17 (1st Cir. 1978).  Moody makes no such showing here.  Nor does Moody suggest, much less establish, that counsel failed to pursue a plausible defense strategy or tactic on account of an actual conflict of interest. Cf. Burket v. Angelone, 208 F.3d 172, 186 (4th Cir. 2000).  Therefore, the state court's rejection of Moody's claim that an actual conflict of interest with counsel deprived him of due process was in accord with the authorities, and no relief is warranted here. Williams, 529 U.S. at 412-13.

B.  Ineffective assistance of counsel claims

In the remainder of his cognizable claims, Moody argues that he received ineffective

13

assistance by both trial and appellate counsel. To establish ineffective assistance of counsel, a

petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient

performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984).

To prove that counsel's performance was deficient, a petitioner must show that "counsel's

representation fell below an objective standard of reasonableness" id. at 688, and that the "acts

and omissions" of counsel were, in light of all the circumstances, "outside the range of

professionally competent assistance" id. at 690.  Such a determination "must be highly

deferential," with a "strong presumption that counsel's conduct falls within the wide range of

reasonable professional assistance." Id. at 689; see also, Burket, 208 F.3d at 189 (reviewing

court "must be highly deferential in scrutinizing [counsel's] performance and must filter the

distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th

Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial

strategy.").

      To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have

been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient

to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th

Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created

the possibility of prejudice, but rather "that they worked to his actual and substantial

disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v.

Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the

Strickland test are "separate and distinct elements of an ineffective assistance claim," and a

successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at

14

233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylor, 162 F.3d 273, 278 (4th Cir. 1998).

Claim 3(a)

In claim 3(a) of this petition, Moody argues that counsel provided ineffective assistance by filing a speedy trial motion on the day of trial, when court rules required that such a motion be made seven (7) days in advance, and that as a result the court refused to consider it. The Virginia Supreme Court found that this argument failed to satisfy the prejudice prong of the Strickland analysis, as follows:

> The record, including the manuscript record, demonstrates that petitioner was indicted on September 6, 2011, for six counts of statutory burglary and one count of grand larceny. Petitioner, who was incarcerated for unrelated offenses at the time of the indictments, was arrested by the service of a capias on September 13, 2011. Petitioner's trial date was set, without objection, for February 12, 2012. On January 4, 2012, petitioner filed a motion to sever and a hearing was set for February 1, 2012. On February 1, 2012, petitioner's motion to sever was granted and the trial for the instant offenses was set, without objection, for March 14, 2012. Thus, petitioner cannot establish that had counsel filed a timely motion to dismiss, the motion would have been granted. See Code § 19.2-243. Petitioner has thus failed to demonstrate that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Moody v. Dir., Dep't of Corr., supra, slip op. at 9-10.

The foregoing holding was both factually reasonable and in accord with applicable federal authorities. The five-month speedy trial provision of Va. Code § 19.2-243 applies only when a defendant is incarcerated in anticipation of trial for the offense named in the indictment. Ford v. Commonwealth, 22 Va. App. 682, 689, 536 S.E.2d 467, 470 (2000). Here, although Moody was incarcerated prior to trial, his detention was the result of a prior conviction for possession of a firearm by a convicted felon. Resp. Ex. 11. Because he was not being held in

15

anticipation of trial on the instant charges, the five-month provision was inapplicable. Instead, because Moody was serving another sentence while awaiting trial in this case, Va. Code § 9.2-243 allowed nine months within to bring him to trial. In Moody's case, the nine-month period commenced on September 13, 2011, when he was brought before the trial court on a capias. Since his trial occurred on March 14, 2012, less then six months later, there was no violation of his right to a speedy trial, and any motion arguing such would have been futile. Since counsel is not ineffective for failing to file frivolous motions, Moody v. Polk, 408 F.3d 141, 151 (4th Cir. 2005), the state courts' denial of relief on this claim was squarely in line with applicable federal authorities, and the same result must obtain here. Williams, 529 U.S. at 412-13.

Claim 4(a)

In claim 4(a), Moody asserts that counsel provided ineffective assistance for failing to continue voir dire of a potential juror who stated that she might know Moody, and to ask for a mistrial on that basis. The Virginia Supreme Court found no merit to this argument for the following reasons:

> [Petitioner] contends counsel was ineffective for failing to ask for a mistrial or move to strike a juror who claims to be 'connected' to petitioner 'by relationship, friends and or family.'
>
> The Court holds that this [claim] satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland. The record, including the trial transcript, demonstrates that none of the jurors who were seated in petitioner's case claimed to be 'connected' to petitioner 'by relationship, friends and or family.' Moreover, although one juror stated, after the jury was seated, that she knew 'a Moody' and that she was not certain if the petitioner was 'the Moody she knows about,' counsel could reasonably have concluded any motion to strike the juror or move for a mistrial would have been futile. The juror had already indicated she was not related to petitioner and did not know him, that she knew nothing about the case or about the petitioner from television, radio, newspapers, or the internet, that she had formed no opinion as to the case, and that she

> knew of no reason why she would not be able to fairly decide the
> case. Counsel could reasonably have concluded the juror's comment
> suggested only that she had a vague recollection of someone named
> Moody and did not suggest she did not 'stand[] indifferent in the
> cause.' Code § 8.01-358. Thus, petitioner has failed to demonstrate
> that counsel's performance was deficient or that there is a reasonable
> probability that, but for counsel's alleged errors, the result of the
> proceeding would have been different.

Moody v. Dir., Dep't of Corr., supra, slip op. at 11-12.

The foregoing holding was clearly based on a reasonable interpretation of the facts. The record reflects that the juror in question stated that she "knows a Moody and is not certain if Mr. Moody, the defendant in this case, is the Moody she knows about." (Tr. 57) The juror was then asked specifically is she "knew or was related to the defendant," and she said she was not. (Tr. 57-58) Under these circumstances, there was no reason for defense counsel to believe or even to suspect that this juror actually knew the petitioner or harbored any bias toward him or his case. Without some reason to move to exclude her from service on the jury, counsel did not provide constitutionally deficient performance in failing to make such a motion. Cf. Strickland, supra. Therefore, the Virginia court's denial of relief on this claim was in accord with that controlling federal authority, and its result must not be disturbed. Williams, 529 U.S. at 412-13.

Claim 6(a)

In claim 6(a), petitioner contends that trial counsel rendered ineffective assistance by failing to object when one of the prosecution's witnesses - the victim - violated the court's sequestration order. The record demonstrates that the burglary victim, Cheryl Williams, testified once during the guilt phase of the trial (Tr. 77-113) and again at sentencing. (Tr. 326-27) In the interim, she sat in the courtroom during additional testimony. The Supreme Court of Virginia found that counsel's failure to object to this situation satisfied neither prong of the Strickland

analysis:

> The record, including the trial transcript, demonstrates that the victim testified once during petitioner's trial regarding the facts of the case and again at sentencing regarding the impact of the crimes. Counsel could reasonably have concluded any objection to the victim's testimony at sentencing based on her presence in the courtroom during the guilt phase of the trial would have been futile. See Jackson v. Warden, 271 Va. 433, 440-41, 627 S.E.2d 776, 784 (2006). Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Moody v. Dir., Dep't of Corr., supra, slip op. at 13.

The Virginia court's resolution of this claim was in accord with Strickland. The victim's testimony during the sentencing phase was "new" only insofar as she had not previously been questioned about the impact the burglary had on her, and it was not contradictory of anything she had stated during the guilt phase. Thus, counsel had no reason to object to the alleged violation of the sequestration order during the guilt phase, and his failure to do so had no impact on the outcome of the proceedings. Cf. Polk, 408 F.3d at 151. Under these circumstances, the holding of the Virginia court must be allowed to stand. Williams, 529 U.S. at 412-13.

### Claims 7(a) and 7(b)

In claims 7(a) and 7(b), petitioner argues that counsel provided ineffective assistance by failing to object when the prosecution failed to present evidence of petitioner's prior "confessions" and questioned him regarding statements he made to the police after he was arrested. The Virginia Supreme Court found no merit to this claim, as follows:

> In a portion of [this claim] petitioner contends counsel was ineffective for failing to object to the prosecution 'hiding' evidence that petitioner had previously been in the victim's house and withholding petitioner's 'confession' that he was allowed into the victim's house with the victim's daughter. In support of this claim, petitioner proffers a

18

response to a discovery request from a related case in which the Commonwealth disclosed that petitioner had told the police he had been 'told by the guys he buys weed from' that the victim's house was empty and 'he could go there and smoke.'

The Court holds that this portion of [this claim] satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in <u>Strickland</u>. The record, including petitioner's exhibit, demonstrates that the statement petitioner complains was hidden was, in fact, disclosed. The record, including the transcript of the sentencing hearing, further demonstrates that the victim's daughter did not know the petitioner and had never been with him in her mother's house. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

<u>Moody v. Dir., Dep't of Corr.</u>, <u>supra</u>, slip op. at 14-15.

The foregoing determination was both factually reasonable and in accord with <u>Strickland</u>. The "confession" to which petitioner refers in claiming that it was "hidden" from the jury was a statement he gave to the police that he "admitted to being inside the house on prior occasions smoking weed." Resp. Ex. 3, Sub-Ex. 2, ¶ 1(6). Petitioner apparently believes that this statement supported his assertions that he had a relationship with the victim's daughter as well as permission to be in the house. However, neither inference can be fairly drawn from the statement. Morever, even were that so, it is well settled in federal jurisprudence that "'strategic choices made [by counsel] after thorough investigation ... are virtually unchallengeable....'" <u>Gray v. Branker</u>, 529 F.3d 220, 229 (4th Cir.), <u>cert. denied</u>, 129 S. Ct. 1579 (2009), quoting <u>Strickland</u>, 446 U.S. at 690-91. Here, contrary to petitioner's benign interpretation of his statement to the police, the jury reasonably could have found it to be an admission that he had committed prior crimes at the residence. Under such circumstances, counsel's choice not to bring the statement to the jury's attention was a reasonable tactical decision that cannot support a claim of ineffective assistance.

19

See Gonzalez v. United States, 553 U.S. 242, 249 (2008) ("Numerous choices affecting the conduct of the trial, including ... the arguments to advance, depend not only upon what is permissible under the rules of evidence and procedure but also upon tactical considerations of the moment and the larger strategic plan for the trial."). Thus, the Virginia court's denial of relief on this claim must not be disturbed. Williams, 529 U.S. at 412-13.

Claim 8(a)

In claim 8(a), Moody contends that counsel provided ineffective assistance by failing to object to the trial court's answers to questions from the jury and for failing to poll the jury. The Supreme Court of Virginia found that these contentions failed to satisfy either prong of the Strickland test, as follow:

> In a portion of [this claim] petitioner contends counsel was ineffective for failing to poll the jury.
>
> ... The record, including the trial transcript, demonstrates that counsel did move to poll the jury after the verdicts were announced at the conclusion of the guilt phase of the trial. Although counsel waived the poll after the jury announced its sentencing decision, petitioner has not alleged why polling the jury was necessary or what polling the jury would have revealed. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.
>
> In another portion of [this claim] petitioner contends counsel was ineffective for failing to object when the trial court failed to bring the jury into the courtroom to answer their questions and instead went into the jury room to answer them.
>
> ... The record, including the trial transcript, demonstrates that the jury asked three questions, that each question was discussed with counsel and, although the trial judge did not bring the jury back into the courtroom to answer the first two questions, the trial judge answered the questions in the hearing of counsel and the court reporter. When the trial judge answered the third question, the jury was in the jury box

20

in open court.  Under these circumstances, counsel could reasonably
have concluded any objection would have been futile.  Thus, petitioner
has failed to demonstrate that counsel's performance was deficient or
that there is a reasonable probability that, but for counsel's alleged
errors, the result of the proceeding would have been different.

Moody v. Dir., Dep't of Corr., supra, slip op. at 18-19.

    The foregoing determination was both factually reasonable and in accord with Strickland,

supra.  As the Virginia court noted, petitioner has not explained what he believes polling the jury

after sentencing would have revealed, or why that information would have been helpful to him.

Such a conclusory "bare allegation" of constitutional error does not warrant habeas relief.

Nickerson v. Lee, 971 F.2d 1125, 1135 (4th Cir. 1992).

    As to petitioner's remaining allegation, the record reveals that the jury submitted questions

to the judge three times.  (Tr. 304, 306, 315).  On each occasion, the court presented the question

to both counsel.  Although the court did not bring the jury back into the courtroom to reinstruct

them each time, the answers they received were the answers that were discussed with counsel.  In

addition, the court's responses were provided within earshot of both counsel and the court

reporter.  (Tr. 304, 305-06, 312-13, 315).  The jury's third question, regarding a missing jury

instruction, was answered in open court with the jury seated in the jury box.  (Tr. 316-17)

Contrary to petitioner's allegations, then, there is no record support whatever for the supposition

that the court had private conversations with the jurors, nor was there any other behavior on the

court's part that would have been cause for objection. As counsel had no reason to object to the

court's handling of the jury, his failure to do so had no impact on the outcome of the proceedings,

and ineffective assistance has not been shown. Cf. Polk, 408 F.3d at 151.  Accordingly, the

rejection of this claim by the Virginia court must be allowed to stand.  Williams, 529 U.S. at 412-

13.

21

Claim 9(a)

In claim 9(a), petitioner charges counsel with rendering ineffective assistance by failing to move to strike both the grand larceny and the burglary charges. As to the larceny conviction, the Supreme Court of Virginia determined that prejudice prong of the Strickland analysis was not satisfied:

> The record, including the per curiam order of the Court of Appeals, demonstrates that although the Court of Appeals determined petitioner's challenge to the sufficiency of the evidence was waived, the Court of Appeals also addressed the merits of petitioner's claim and determined the evidence was sufficient to support petitioner's conviction for grand larceny. Thus, petitioner has failed to demonstrate that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Moody v. Dir., Dep't of Corr., supra, slip op. at 15-16.

The foregoing holding was plainly reasonable. Although the Court of Appeals noted that counsel's failure to renew the motion to strike at the close of all the evidence waived a sufficiency objection, Moody v. Comm., supra, slip op. at 3-4, it went on to state that "[e]ven if appellant had preserved his argument, it is without merit," because "[s]ufficient evidence supported appellant's conviction [of grand larceny] ...." Id. at 5, 9. Because it thus is readily apparent that petitioner suffered no prejudice as the result of counsel's failure to renew the motion to strike, the denial of his claim of ineffective assistance on that basis was in accord with Strickland, supra, and the same result must obtain here. Williams, 529 U.S. at 412-13.

As to the burglary conviction, the Supreme Court of Virginia found that counsel's failure to renew the motion to strike satisfied neither prong of the Strickland test:

> The record, including the per curiam order of the Court of Appeals, demonstrates that although the victim was not staying in the home at the time of the crimes, she was still in the process of moving her

22

belongings and her son was in the process of moving into the house. Therefore, counsel could reasonably have determined the house remained a dwelling at the time of the crimes and that any arguments to the contrary would have been futile. The Court of Appeals determined petitioner's challenge to the sufficiency of the evidence was waived, the Court of Appeals also addressed the merits of petitioner's claim and determined the evidence was sufficient to support petitioner's conviction for grand larceny. Thus, petitioner has failed to demonstrate that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

In another portion ... petitioner contends counsel was ineffective for failing to argue that the evidence adduced at trial was insufficient to support his burglary conviction because the evidence did not establish that he entered the home in the nighttime.

The record, including the trial transcript, demonstrates that petitioner broke into the victim's house. Therefore, it is not necessary Commonwealth to prove petitioner entered the house in the nighttime and counsel could reasonably have determined that any argument to the contrary would have been futile. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Moody v. Dir., Dep't of Corr., supra, slip op. at 18-19.

The Virginia Supreme Court's determination was both factually reasonable and in accord with Strickland, supra. Virginia law holds that "a house is a dwelling house ... when the house is used for habitation, including periodic habitation." Giles v. Commonwealth, 277 Va. 369, 375, 672 S.E.2d 879, 883 (2009). In addition, Va. Code § 18.2-91 - the statute under which petitioner was convicted - provides that "a person commits statutory burglary in violation of these statutes when a person either (1) enters in the nighttime or (2) enters after breaking at any time, day or night." Finney v. Commonwealth, 277 Va. 83, 88, 671 S.E.2d 169, 172 (2009). The "breaking" element of the statue can be satisfied even by slight force, such as "pushing open a door, turning

the key, [or] lifting the latch," provided the entry is without the consent of the property owner.

Id., 671 S.E.2d at 172 (citation omitted).  In petitioner's case, the property owner testified at trial

that she saw petitioner pull open her back door and step inside her house.  (Tr. 85) She stated that

petitioner did not have permission to do so.  (Tr. 86) Thus, a motion to strike the burglary

conviction on either of the bases petitioner now suggests - that the homeowner was not staying in

the house full time and that petitioner did not enter the property in the nighttime - would have

been futile. Since counsel does not provide ineffective assistance by failing to make a frivolous

motion, Polk, 408 F.3d at 151, the state court's resolution of this claim was in accord with

Strickland, supra, and its holding will not be disturbed.  Williams, 529 U.S. at 412-13.

Claim 11(a)

In claim 11(a), petitioner faults counsel for failing to object to the prosecutor's argument

that the jury should consider petitioner's age when determining his sentence. The Supreme Court

of Virginia determined that this argument failed to satisfy either prong of the Strickland analysis,

as follows:

> The record, including the trial transcript, demonstrates that petitioner's
> counsel argued at sentencing that petitioner, who had numerous prior
> convictions, was young enough to change his life and 'be something
> different' and urged the jury to impose a lenient sentence to give
> petitioner that opportunity. The prosecutor, in rebuttal, noted that even
> if the jury returned a sentence of twenty years, petitioner would only
> be forty-eight when released and would still be fully capable of
> continuing his criminal activities.  Counsel could reasonably have
> determined that the prosecutor's argument was a reasonable response
> and that any objection would have been futile.  See Jackson v.
> Commonwealth, 193 Va. 664, 675, 70 S.E.2d 322, 329 (1952)
> (prosecutor may combat defendant's argument for light punishment).
> Thus, petitioner has failed to demonstrate that there is a reasonable
> probability that, but for counsel's alleged errors, the result of the
> proceeding would have been different.

Moody v. Dir., Dep't of Corr., supra, slip op. at 18-19.

24

The Supreme Court of Virginia's foregoing ruling was both factually reasonable and in accord with Strickland. For the reasons explained in the Court's opinion, there was nothing improper about the prosecutor's argument rebutting defense counsel's suggestion that the jury should impose a lenient sentence based on petitioner's young age. See Va. Code 19.2-295.1. Thus, any objection by counsel would have been futile, and a claim of ineffective assistance cannot rest on a failure to make a frivolous objection. Polk, 408 F.3d at 151.  Accordingly, the rejection of this claim by the Virginia court is entitled to deference here.  Williams, 529 U.S. at 412-13.

Ineffective assistance of appellate counsel

In claims 1(b), 3(b), 4(b), 5(b), 6(b), 7(c), 8(b), 9(b), 10(b), 11(b), 12(b), 13(b), and 14(b), petitioner alleges that he received ineffective assistance because appellate counsel failed to raise the corresponding claims of denial of due process and ineffective assistance of counsel at the appellate level.  In each instance, the Supreme Court of Virginia denied relief by citing Jones v. Barnes, 463 U.S. 745, 751-52 (1983) and holding that "the selection of issues to address on appeal is left to the discretion of the appellate counsel, and counsel need not address every possible issue on appeal." It concluded in each instance that "petitioner failed to demonstrate that appellate counsel's performance was deficient or that there is a reasonable probability that, but for appellate counsel's alleged errors, the result of the proceeding would have been different." Moody v. Dir., Dep't of Corr., supra, slip op. at 6, 7, 10, 11, 13, 13, 15, 18, 20, 21, 22, 24.

These rulings were both factually reasonable and in accord with applicable federal principles. The Strickland analysis applies to claims of ineffective assistance on appeal as well as at trial.  Matire v. Wainwright, 811 F.2d 1430, 1435 (11th Cir. 1987). Because "appellate counsel is given wide latitude to develop a strategy that may omit meritorious claims in order to avoid

25

burying issues in a legal jungle," Lovitt v. Angelone, 208 F.3d 172, 189 (2000), appellate counsel is not required to assert every conceivable claim on appeal, and counsel's choice of which appellate issues to pursue is virtually unassailable. Jones, 463 U.S. at 751-52.   Here, to the extent that petitioner's claims of ineffective appellate representation mirror his claims of ineffective trial representation, they fail for the reasons discussed in connection with the corresponding trial court claims discussed above. In addition, petitiner has failed to provide any discussion of why he believes he would have prevailed had appellate counsel raised the issues he now suggests, nor does he raise any objections to the claims appellate counsel did pursue.  Since a petitioner to prevail on a claim of ineffective appellate assistance must demonstrate that counsel ignored stronger appellate issues than those he or she chose to present, see Lawrence v. Branker, 517 F.3d 700 (4th Cir. 2008), all of petitioner's claims of ineffective assistance on appeal are without merit, and their dismissal by the Supreme Court of Virginia will not be disturbed. Williams, 529 U.S. at 412-13.

## V.  Petitioner's Pending Motions

Presently pending before the Court are two motions by petitioner.  First, petitioner has moved to strike respondent's procedural defenses based on respondent's alleged failure to respond in a timely manner to the Court's order to show cause. (Dkt. No. 15) The docket  reflects that the respondent initially was directed to respond to the petition within thirty (30) days on January 26, 2015. (Dkt. No. 2) When no response had been received by March 20, 2015, the Court issued a order directing respondent to file his response by April 20, 2015. (Dkt. No. 5)  Respondent filed his  Rule 5 Answer and Motion to Dismiss April 20, 2015.  (Dkt. No. 9-11)  In the brief supporting the Motion to Dismiss, counsel for respondent stated that she never received the Order of  January 26, 2015, and learned that it had been issued only when she received the subsequent

Order of March 20, 2015.  See Resp. Brief at p. 6, n. 3. This apparent clerical error and the one-month delay in adjudicating this petition it occasioned caused petitioner to suffer no prejudice and provides no basis for striking respondent's procedural defenses.  Accordingly, petitioner's motion to strike will be denied.

Petitioner has also moved for an evidentiary hearing. (Dkt. No. 17) Because this action can be fairly adjudicated by reference to the existing state court records, no hearing is warranted, and petitioner's motion will be denied.  Cullen v. Pinholster, __ U.S. __, 131 S. Ct. 1388, 1400  (April 4, 2011).

## VI.  Conclusion

For the foregoing reasons, respondent's Motion to Dismiss this petition for habeas corpus relief will be granted, and the petition will be dismissed, with prejudice. Petitioner's Motion to Strike and Motion for Evidentiary Hearing will be denied. An appropriate Order and judgment shall issue.

Entered this _3rd_ day of _March_ 2016.

Alexandria, Virginia

_/s/_____
Gerald Bruce Lee
United States District Judge

27